IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JAMES ANDRE COVERSON,     : | MANDAMUS |
|     Plaintiff,     : | 28 U.S.C. § 1651 |
|          : | |
| v.     : | CIVIL ACTION NO. |
|          : | 3:11-CV-0015-TWT |
| SHERIFF MIKE YEAGER; RAY     : | |
| MAYERS; JUDGE BALDWIN;     : | |
| LAURA STANFORD,     : | |
|     Defendants.     : | |

**ORDER AND OPINION**

Plaintiff James Andre Coverson, a pre-trial detainee at the Coweta County Jail in Newnan, Georgia, has filed the instant pro se civil rights action and seeks to proceed without paying the $350.00 filing fee. For the purpose of dismissal only, leave for Plaintiff to proceed in forma pauperis [Doc. 4] is hereby **GRANTED**, and the matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening.

I.    28 U.S.C. § 1915A Frivolity Determination

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted).

Plaintiff essentially complains that his arrest for a probation revocation was improper, and that he has not received a hearing with regard thereto. Plaintiff seeks to be released from custody, and for the charges against him to be dropped.

Plaintiff has styled this action as a writ of mandamus and the Clerk has docketed it as such pursuant to 28 U.S.C. § 1651. Pursuant to 28 U.S.C. § 1361, this Court has jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It is well settled, however, that federal courts have no

power to issue writs of mandamus against state actors. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Noe v. Metro. Atlanta Rapid Transit Auth., 485 F. Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (11th Cir. 1981). As all of the Defendants named by Plaintiff appear to be state actors and not officers or employees of the United States, this Court cannot issue a writ of mandamus against them. In light of Plaintiff's pro se status, however, this Court will construe Plaintiff's allegations under 42 U.S.C. § 1983.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b)

3

(dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

To the extent that Plaintiff seeks release and for the charges against him to be dismissed, habeas corpus, rather than section 1983, is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff may file a 28 U.S.C. § 2254 federal habeas corpus petition in the district in which he was convicted following his exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(1)(A); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974). Because Plaintiff has not exhausted his state court remedies, the Court declines to construe this action as a habeas corpus petition. Accordingly, Plaintiff's challenge to his current confinement is subject to dismissal under § 1983.

Moreover, Plaintiff's claims cannot be considered by the Court at this time. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. Younger, 401 U.S. at 53-54; Maharaj v. Secretary for Dep't of Corr., 304 F.3d 1345, 1348 (11th Cir. 2002). "[F]ederal courts ordinarily must refrain from deciding the merits of a

case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceedings." Newsome v. Broward County Pub. Defenders, 304 F. App'x 814, 816 (11th Cir. 2008) (per curium) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Here, Plaintiff's state criminal proceedings are ongoing, and Plaintiff has not indicated that he cannot raise the issues herein in those proceedings. Thus, this Court must abstain from interfering in Plaintiff's state criminal action. See Heck v. Humphrey, 512 U.S. 477, 487 n.8 (1994) (recognizing that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."); Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming district court's dismissal of § 1983 action seeking to halt state criminal proceedings against the plaintiff based on Younger).

Extraordinary circumstances may justify intervention in a situation where a plaintiff alleges great, immediate and irreparable injury or flagrant violation of

an express constitutional prohibition. See Younger, 401 U.S. at 46. Plaintiff, however, has not alleged any such extraordinary circumstances. Accordingly, this Court finds that abstention is appropriate here.

II. Conclusion

In light of the foregoing analysis, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and this action is hereby **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this __8__ day of __March__, 2011.

_/s/ Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE